UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SOUTHPORT BANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| CHARLES V. MILES, | ) | Case No. 10-cv-8321 |
| RANDOLPH S. MILES, and | ) | |
| GOEKEN GROUP CORP., | ) | Judge John W. Darrah |
| | ) | |
| Defendants. | | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Southport Bank ("Southport") has brought this post-trial Motion for Judgment as a Matter of Law, pursuant to Federal Rule of Procedure 50(b)(3), with respect to Defendant Goeken Group Corp. ("Goeken"). For the following reasons, this Motion is granted.

## BACKGROUND

On December 31, 2010, Southport filed a five-count Complaint alleging two counts each against the individual Defendants, Charles Miles and Randolph Miles (Counts I through III), and one count of "Claim on Promissory Note Against Goeken Group" (Count IV). (Compl. ¶¶ 30-36.) Specifically, as more fully discussed below, Southport alleged that Goeken had entered into a promissory note and loan agreement with Defendant Randolph Miles ("Miles"); subsequently, Miles assigned the promissory note to Southport, and Goeken made no payment to Southport as assignee. After failed settlement negotiations, the case proceeded to jury trial on October 21, 2013.

After Goeken had presented its case, Southport moved for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a)(2), which the Court took under advisement. The jury found in Southport's favor with respect to the individual defendants on Counts I through III. However, they found in favor of Goeken with respect to Count IV. After the verdict, Southport moved for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b)(3).

## LEGAL STANDARD

When a party's motion for judgment as a matter of law under Rule 50(a) is denied, it is considered submitted to the jury "subject to the court's later deciding the legal questions raised by the motion." Fed. R. Civ. Pro. 50(b). After judgment, the party may renew its motion and the court may direct entry of judgment as a matter of law. *Id*.

Weighing evidence and determining credibility are the obligations of the jury, not the court. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (2000) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). A court "may not step in and substitute its view of the contested evidence for the jury's." *Mathur v. Bd. of Trs.of S. Ill. Univ.*, 207 F.3d 938, 941 (7th Cir. 2000) (citations and quotation marks omitted). Therefore, a Rule 50 motion will only be granted when the evidence is construed "strictly in favor of the party who prevailed before the jury" and still will not support the verdict rendered. *Passananti v. Cook Cnty.*, 689 F.3d 655, 659 (7th Cir. 2012) (citing *Tart v. Illinois Power Co.*, 366 F.3d 461, 464 (7th Cir. 2011)).

# ANALYSIS

The parties do not dispute that on March 31, 2004, Goeken executed the note and loan agreement in which it promised to pay Miles a sum of $2,000,000, plus interest, in accordance with the terms of the note and the incorporated loan agreement.  (Compl. Ex. 5.)[1]

Subsequently, on November 7, 2008, Miles entered into a "Hypothecation Agreement" and an "Assignment" with Southport, both of which purported to assign to Southport the obligations of Goeken to Miles up to $4,000,000.  (Pl.'s Tr. Exs. 13-14.)  On November 17, 2008, Miles issued a letter of direction to Goeken, instructing Goeken to make any payment due to Miles directly to Southport.  (Pl.'s Tr. Ex. 15.)  Goeken consented to the letter of direction.  (*Id.*)  None of these documents – the Hypothecation Agreement, Assignment, or the letter of direction – provided a date by which payment was due.

On February 13, 2009, Goeken executed, signed, and sent to Miles a letter ("Goeken Letter") stating:

> Dear Randy,
>
> This letter serves as a summary of the outstanding undocumented consolidated loan (the "Loan"), between Goeken Group Corp. (the "Borrower") and Randolph Miles (the "Lender").
>
> According to our records, for the purposes of the Loan, the Lender has loaned the Borrower, in numerous distinct disbursements, dating from May 6, 2003 to February 2, 2007, Ten Million Three Hundred Seventy One Thousand Five hundred dollar[s] ($10,371,500.00).  Appendix A attached, shows the amount and date of each disbursement from Lender to Borrower.

---

[1] The note and loan agreement were not included in Southport's admitted trial exhibits. However, neither party argues the note and loan agreement were not admitted at trial, and each was attached to the original and Amended Complaint as Exhibit 5 (note) and Exhibit 6 (loan agreement), as well as to Southport's Motion for Judgment as a Matter of Law as Exhibit G.

The Loan Consolidates all of Lender[']s undocumented loans referred to above. The Loan also consolidates the Lender['s] One (1) documented loan (the "Documented Loan") with Borrower, **dated March 31, 2004** for Two Million dollars ($2,000,000.00), which through its being included in said Loan, must be considered cancelled and of no force or effect. (Emphasis Added)

\*     \*     \*

The Loan, in part, consists of two separate Loan Agreements between the Lender and the Borrower. The first dated April 1, 2004 cancels and consolidates the Documented Loan and creates a line of credit (the "Retroactive Loan") for Ten Million Three Hundred Seventy One Thousand Five hundred dollars ($10,371,500.00).

The Second Loan Agreement dated with today's date, February 13, 2009, date extends the Retroactive Loan Agreement to December 31, 2010, when all interest and principal will be due and payable.

(Tr. Ex. 24.) The Goeken Letter was not signed by Miles or Southport.

The November 7, 2008 assignment provides "[t]o the extent [Miles] is due to receive funds" from Goeken, they should be directed to Southport. Goeken argues that the jury's verdict was reasonable because the assignment of November 7, 2008, and the letter of direction of November 17, 2008, did not provide a date upon which payment was due. Therefore, Goeken argues that, without such date, no funds are "due" to Miles, or Southport by assignment.

Southport contends that the Goeken Letter of February 13, 2009, as set out above, was clearly intended by Goeken to modify the note to provide December 31, 2010, as the date payment was due. Goeken responds that the Goeken Letter was a unilateral modification of the note, signed only by Goeken, and is therefore invalid.

Resolving whether a particular instrument becomes binding only with both parties' signatures requires a determination of the parties' intent. *Consol. Bearings Co. v.*

*Ehret-Krohn Corp.*, 913 F.2d 1224, 1231 (7th Cir. 1990) (citing *Lynge v. Kunstmann*, 418

N.E.2d 1140, 1144 (1981)).  The underlying March 31, 2004 loan agreement provided in Section

8.05 that "[t]his Agreement and the other agreements to which it refers constitute the complete

agreement between the parties with respect to the subject matter and may not be changed,

modified, waived, amended or terminated orally, but only by writing signed by the party to be

charged."  (Compl. Ex. 6.)  Southport argues that Goeken, as the obligor on the note, was the

"party to be charged," and, therefore, the parties expressly reserved the right to Goeken to

unilaterally modify the loan agreement.

Goeken argues that the Goeken Letter was never assented to by Miles or Southport.

However, their assent is unnecessary.  Goeken executed the Goeken Letter and signed it as the

party to be charged.  Goeken, in support of its position that such unilateral contract modifications

are not valid, cites *Kinkel v. Cingular Wireless LLC*, 857 N.E.2d 250, 260 (Ill. 2006).  Yet,

*Kinkel* clearly states that "[o]ne party to a contract may not unilaterally modify a contract

term . . . *after the contractual relationship between the parties has ended* and the original

contract is the subject of a dispute."  *Id*. (emphasis added).  There was no evidence that the

relationship between Southport and Goeken had ended before February 13, 2009

As mentioned above, it is clear from the face of the loan agreement that the parties

intended that Goeken could unilaterally modify the agreement.   The Letter signed by Goeken is

a clear and unambiguous modification of the terms of the loan agreement and was so intended by

Goeken.  No evidence was offered to the contrary.  It is also undisputed that Goeken never paid

Southport on the assignment of the March 31, 2004 note.

The verdict form for Count IV makes clear that the jury found Southport "had a right to receive payments from the Goeken Group." (Jury Instructions p. 37.) However, the jury then found that Goeken had not "breached its obligation under the Letter of Direction to make payments directly to Southport." (*Id.*) The jury, in reaching this verdict, could only have determined that the Goeken Letter of February 13, 2009 was not intended to modify the loan agreement to make the funds due and payable on December 31, 2010. However, the evidence does not reasonably support this conclusion.

Both parties confine their argument to whether the Goeken Letter legally could modify the agreement. Although it is true that "[t]he acts relied upon to modify a prior contract must be unequivocal in character," *Carnes Co. v. Stone Creek Mech., Inc.*, 412 F.3d 845, 853 (7th Cir. 2005), Goeken does not argue that the Goeken Letter was equivocal. Instead, Goeken argues only that the assignment, hypothecation agreement, and letter of direction did not contain a payment due date and that the unilateral nature of the Goeken Letter makes it unenforceable as a modification of those three documents. As set out above, this contention is legally incorrect. Therefore, the Goeken Letter is enforceable as a modification of the loan agreement, and it establishes a payment due date of December 31, 2010. It is uncontested no payment has been made by Goeken.

A jury's verdict must be upheld unless the jury lacked a legally sufficient evidentiary basis. Fed. R. Civ. Pro. 50(a)(1). In order to be legally sufficient, the evidence does not have to be "overwhelming, but it must be more than a mere scintilla." *Filipovich v. K & R Express Sys., Inc.*, 391 F.3d 859, 863 (7th Cir. 2004) (citations and quotation marks omitted). There is not more than a scintilla of evidence here that the Goeken Letter was not

intended as a modification, and Goeken does not argue to the contrary.  The unilateral

modification by Goeken is enforceable and provided a due date on the March 31, 2004 note of

December 31, 2010.  Once the date was proved, and that Goeken failed to pay the note on or

before that date, no reasonable jury could find in favor of Goeken.

## CONCLUSION

For the reasons set forth above, Southport's Motion for Judgment as a Matter of Law

[213] is granted.


Date: _____3/27/2014_____          _____

JOHN W. DARRAH
United States District Court Judge