UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SOUTHPORT BANK, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 10-cv-8321 |
| CHARLES V. MILES, | ) Judge John W. Darrah |
| RANDOLPH S. MILES, | ) |
| GOEKEN GROUP CORP., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Southport Bank ("Southport"), filed a Motion to Compel and for Rule to Show Cause [291] why Randolph S. Miles ("Randolph") and Charles V. Miles ("Charles") should not be held in contempt of court for: their failure to comply with the Court's June 26, 2014 order and their failure to respond to Citations to Discover Assets. Southport also seeks an award of fees, expenses and costs in compelling compliance. Charles has filed a Motion to Stay the Proceedings [314] against him due to his filing a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Northern District of Illinois. For the reasons stated below, Southport's Motion to Compel and Rule to Show Cause [291] is granted in part and denied in part; and Charles' Motion to Stay the Proceedings [314] is granted.

## BACKGROUND

Southport began this action to recover payment under two "Commercial Guaranty" contracts executed by Randolph and Charles. A jury trial was held, and the Court entered judgment on the jury's verdict in favor of Southport. On October 25, 2013, a judgment was entered against Randolph in the amount of $7,061,784.84 and against Charles in the amount of

$5,429,916.71. On November 25, 2013, Southport issued Citations to Discover Assets and Citation Notices. The next day, citations were issued to Defendants' attorneys Stephen F. Boulton ("Boulton") and Richard F. Ehrenreich.

On February 27, 2014, Southport filed a Motion For Rule to Show Cause Against Randolph S. Miles and Charles V. Miles and for Fees and Costs Pursuant to 28 U.S.C. § 1927, (Dkt. 245), for failure to respond to the citations. Defendants contested service of those citations; however that issue is not pertinent to this order. On June 24, 2014, Charles signed a declaration, declaring Boulton as his counsel for post-trial and post-judgment enforcement matters and agreed that "service of notice of any such post-trial/post-judgment proceedings upon Mr. Boulton shall constitute service upon me." (Dkt. 290.) On June 26, 2014, this Court ordered Charles and Randolph to comply with the Citations to Discover Assets by July 11, 2014:

> Plaintiff's motion for a rule to show cause and for fees [245] is granted as to the rule to show cause; compliance ordered by 7/11/14 and entered and continued for a ruling by mail re: the issue of fees.

(Dkt. 289.) On August 11, 2014, Southport filed another Motion to Compel for Rule to Show Cause against Randolph and Charles. This motion alleged that they had not complied with the Court's June 26, 2014 order to comply with the citations. The motion also raised the issue of sanctions for non-compliance with the June 26 order. The Court ordered the following on August 11, 2014:

> On 6/26/14, Plaintiff's motion for rule to show cause was granted with respect to Randolph and Charles Miles. Plaintiff's request for sanctions was included in that motion, but the briefs focused primarily on the issue of service, which was waived by Randolph Miles on 3/27/14 and by Charles Miles, through his counsel, on 6/26/14. Additionally, new grounds for sanctions were raised in Plaintiff's reply brief. Therefore, to aid the Court, the parties shall contact the Court Deputy forthwith to schedule an evidentiary hearing on the issue of sanctions.

(Dkt. 293.)

2

The evidentiary hearing took place on August 2, 2014. Randolph testified, but Charles did not appear. Southport was ordered to file a proposed order and findings and did so on November 14, 2014. The proposed order requested incarceration for Charles and Randolph until: each fully complies with the Court's June 26 order; the Court finds that continued incarceration no longer serves a coercive purpose; or Randolph and Charles each completes a full accounting and discloses all assets that each controls either directly or indirectly. The proposed order requested sanctions against Randolph, Charles, and Boulton. All three filed objections to the proposed order. Charles also filed a Motion to Stay the Proceedings, pending his bankruptcy petition.

## LEGAL STANDARD

"Judges have inherent authority to impose sanctions for misconduct by litigants, their lawyers, witnesses, and others who participate in a lawsuit over which the judge is presiding." *S.E.C. v. First Choice Management Services, Inc.*, 678 F.3d 538, 544-45 (7th Cir. 2012). An award of sanctions under a court's inherent authority can be assessed against an attorney, a party, or both, while an award of sanctions under Section 1927 may only be levied against attorneys. *Goldberg v. 401 N. Wabash Venture LLC*, Case No. 09 C 6455, 2013 WL 5376556, at *1 (N.D.Ill. Sept. 25, 2013) (citation omitted).

"Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. An attorney's liability under Section 1927 is appropriate where an attorney's conduct is marked by bad faith. *Pacific Dunlop Holdings, Inc. v. Barosh*, 22 F.3d 113, 120 (7th Cir. 1994). "The Seventh Circuit

3

has concluded that such sanctions are appropriate (1) in instances of a serious and studied disregard for the orderly processes of justice, (2) when an attorney pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound, and/or (3) where a claim is without a plausible legal or factual basis and lacking in justification." *Krukowski v. Omicron Technologies, Inc.*, Case No. 10 C 5282, 2013 WL 708042, at *5 (N.D.Ill. Feb. 26, 2013) (internal quotations and citations omitted). Whether to award sanctions pursuant to Section 1927 is within the discretion of the court. *Jolly Group, Ltd. v. Medline Industries, Inc.*, 435 F.3d 717, 720 (7th Cir.2006).

## ANALYSIS

This case has a long and complicated post-judgment history. To clarify, any motions for sanctions or contempt based on anything other than Defendants' non-compliance with the Court's June 26, 2014 order are denied.

### *Randolph Miles*

Randolph argues that, under Illinois law, he was not required to produce documents in response to the Citation unless an examination took place. However, this is precisely what the court ordered on June 26, 2014: "The parties are directed to comply with the citations within 14 days at a time mutually convenient." (June 26, 2014 Tr. at 6:11-12.) This Court ordered Charles and Randolph to comply with the Citations to Discover Assets by July 11, 2014. (Dkt. 289; June 26, 2014 Tr. at 4:15-17, 5:17-19.) Randolph further argues that the Court's June 26 order was an order compelling production pursuant to the Citations and was not in conformance with Rule 277. Randolph cites no authority holding a court's power to compel the production of documents post-judgment is limited in this matter. He also cites no authority for why ignoring the Court's order is not, in and of itself, sanctionable.

4

*Charles Miles*

Charles has filed objections to the proposed order as well as a request to stay the post-judgment proceedings. Charles was not present at the sanctions hearing and now claims that he "was never ordered to appear for the hearing, nor was he directed to appear by any notice served by Plaintiff." The parties were ordered to schedule a hearing, and that hearing was scheduled by the Court. It strains credulity to believe that Charles was unaware of the hearing or that he thought the Court's order did not apply to him. Further, this is a new argument; when Southport's counsel remarked that Charles did not appear at the sanctions hearing, Boulton was conspicuously silent on the matter. *See* (Aug 2, 2014 Tr. at 62:6-11.) Charles further claims that that "the Court set a hearing on 'sanctions' on matters that predated the appearance of Defendant in the proceeding by waiver of service on June 26, 2014." (Dkt. 323). It is possible that the Court's ruling could be interpreted in this fashion, though the prolonged history and complicated posture of this case points against that possibility.

Regardless, Charles has filed a Motion to Stay the Proceedings due to filing a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Northern District of Illinois. An order holding someone in contempt for the ultimate purpose of turning over documents necessary to satisfy a judgment is precluded by the automatic stay provisions in 11 U.S.C. § 362. *See In re Siskin*, 231 B.R. 514, 519 (Bankr. E.D.N.Y. 1999); *In re Galmore*, 390 B.R. 901 (Bankr.N.D.Ind.2008). Since the purpose of any sanctions or contempt findings would be to compel compliance with the Citation to Discover Assets, the Court is stayed by statute. Southport's Motion to Compel or for Rule to Show Cause must be denied as to Charles Miles.

*Stephen Boulton*

Boulton's Memorandum of Law on Evidentiary Hearing continued to argue the issue of service, which had been moot for several months. Randolph and Charles were ordered by the Court to comply with the Citations by July 11, 2014. Southport's August 11 Motion to Compel and to Show Cause clearly was attacking non-responsiveness to the Court's June 26 order. At that point, service had been waived by both Randolph and Charles. Boulton continues to argue service of the Citations in the objections to Southport's proposed orders. As previously stated, sanctions are appropriate where the party has not filed a pleading for proper purposes but, instead, asserts its claims simply to harass or cause unnecessary delay or expense. Fed.R.Civ.P. 11(b)(1). By continuing to argue the service issue when it was clearly irrelevant, Boulton has caused unnecessary delay and expense and has done so in bad faith. *See* 28 U.S.C. § 1927; *Pacific Dunlop Holdings, Inc.*, 22 F.3d at 120. Boulton has a history of attempting to muddy the waters of this case by constantly raising new issues in response to motions that do not include those issues. This conduct is unnecessary and unacceptable. Sanctions are appropriate against Boulton for a serious and studied disregard for the orderly processes of justice. *See Krukowski*, 2013 WL 708042, at *5. Had this issue not been continuously raised even after it was moot, the October 2, 2014 sanction hearings would have been unnecessary.

## **CONCLUSION**

Southport Bank and Randolph Miles are hereby ordered to set a date no later than thirty days from the entry of this order for the purposes of a Citation examination and production of the documents requested by Southport. Randolph Miles is further ordered to pay any and all costs associated with the examination and production. Stephen Boulton is ordered to pay Southport's attorney's fees and costs reasonably associated with the October 2, 2014 sanctions hearing.

Finally, Goeken Group Corp. is ordered to cooperate fully with Southport's efforts to collect on its judgments against Randolph Miles, including any requests for relevant information.

Date:     January 20, 2015                                       
JOHN W. DARRAH
United States District Court Judge