IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SOUTHPORT BANK, ) | |
| ) | |
| Plaintiff, ) | No. 10-cv-8321 |
| ) | |
| v. ) | Jeffrey T. Gilbert |
| ) | Magistrate Judge |
| CHARLES V. MILES, RANDOLPH ) | |
| S. MILES, AND GOEKEN GROUP ) | |
| CORP., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| FIRST NATIONAL BANK OF OMAHA, ) | |
| ) | |
| Citation Respondent and Claimant. ) | |

## ORDER

Southport Bank's Motion to Compel Against First National Bank of Omaha [ECF No. 450] is denied. See Statement below for further details.

## STATEMENT

On October 14, 2014, Plaintiff Southport Bank ("Southport") obtained a judgment against Defendant Goeken Group Corp. ("Goeken Group") in the total amount of $6.8 million dollars [ECF No. 303]. Since that time, Southport has been trying to collect its judgment. In furtherance of those efforts, it served a subpoena upon First National Bank of Omaha ("FNBO"). FNBO made a loan to Goeken Group in June 2015, after entry of the judgment in this case. That loan was guaranteed by an individual member of the Goeken family and the Goeken Trust, both of whom posted cash on deposit at FNBO as collateral for the loan and as security for their guarantees. Southport contends that

Goeken Group and Goeken Trust are alter egos of each other so that Southport is entitled to the turnover of the cash Goeken Trust posted to secure FNBO's loan to Goeken Group at an appropriate time in this proceeding.

In addition, Southport asserts that FNBO may have knowingly made the loan with intent to aid Goeken Group in evading its creditors, including Southport. Motion to Compel [ECF No. 450] at 2, 4. Southport contends that FNBO may have violated its own loan policies, procedures and/or guidelines ("the loan policies") by making the loan [ECF No. 450-6, at ¶ 1(i)], and it wants FNBO to produce those loan policies so that Southport can use them to advance this theory. FNBO objects to producing its loan policies. FNBO argues that its loan policies are irrelevant to whether Goeken Group and Goeken Trust are alter egos of each other, and that Southport's fishing for those loan policies is far in excess of the type of discovery to which Southport legitimately is entitled in this post-judgment proceeding.

The Court agrees with FNBO. In a post-judgment proceeding pursuant to Rule 69(a)(2) of the Federal Rules of Civil Procedure, a judgment creditor may obtain discovery from any person, including the judgment debtor, as provided by the Federal Rules of Civil Procedure or by procedure of the state where the court is located. Fed.R.Civ.P. 69(a)(2). In Illinois, a judgment creditor can initiate a supplementary proceeding to discover assets or income of the judgment debtor not exempt from the judgment and compel application of those assets to pay all or part of the judgment. *Broaddus v. Shields,* No. 08-cv-4420, 2012 WL 1144664, at *2 (N.D. Ill. Apr. 5, 2009), citing 735 ILCS 5/2-1402 and other cases. The relevant inquiries in a post-judgment proceeding to discover assets are: (1) whether the judgment debtor is in possession of

2

assets that should be applied to satisfy the judgment; or (2) whether a third party is holding assets of the judgment debtor that should be applied to satisfy the judgement. *Broaddus at \*2* (citations omitted). *See also Pyshos v. Heart-Land Dev. Co.*, 258 Ill. App. 3d 618, 623, 630 N.E.2d 1054, 1057 (1994).

Rule 26(b)(1) of the Federal Rules of Civil Procedure stakes out the boundaries of discovery that is relevant and obtainable in federal court consistent with the demands and needs of a particular case:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed.R.Civ.P. 26(b)(1).

The Court agrees with FNBO that its loan policies are irrelevant to whether it is holding assets of Goeken Group that can be used to satisfy Southport's judgment against Goeken Group. Southport argues that the loan policies are relevant because FNBO may have violated its own loan policies in making the loan to Goeken Group, and that fact could help Southport show that Goeken Group and Goeken Trust are alter egos of each other and even potentially that FNBO knowingly assisted Goeken Group in efforts to evade its creditors including Southport. There are several problems with this argument.

As an initial matter, Southport does not explain how FNBO's loan policies can assist it in showing that Goeken Group and Goeken Trust are alter egos of each other. FNBO's witnesses testified that FNBO made the loan to Goeken Group because it was fully secured by cash posted by Goeken Trust and the individual guarantor [ECF No.

3

467-1, Conlin Dep. Exhibit A, p. 73]. That makes sense. Southport argues that, as structured, FNBO effectively made its loan to the Goeken Trust, which posted cash collateral to secure the loan and committed to certain other undertakings to FNBO, rather than to Goeken Group. Southport makes this argument mostly in its Reply Memorandum [ECF No. 470] so FNBO did not have a chance to respond to it. But if that is what Southport wants to show, FNBO's general loan policies are of only tangential or remote benefit. The other information Southport has developed so far in written and oral discovery obtained from FNBO and others would seem to be sufficient at least to allow it to make that argument. Any incremental benefit the loan policies would lend to this effort is outweighed by, among other things, the burden on FNBO, a nonparty to these proceedings, in being forced to share its proprietary loan policies with another bank. *See* Fed.R.Civ.P. 26(b)(1) ("Parties may obtain discovery [that is] proportional to the needs of the case.").

More fundamentally, however, even if Southport could show that FNBO did not comply fully with its loan policies when it made a loan that was 100%-secured by cash on deposit at the bank, and that Southport somehow could use that fact as a building block in an effort to show that Goeken Group and Goeken Trust are alter egos of each other, discovery on this alter ego theory is beyond the scope of permissible discovery in this post-judgment proceeding. *Pyshos,* 630 N.E.2d at 1057-58 ("Quite simply, what must be alleged to pierce the corporate veil does not fall within the scope of what may be heard in supplementary proceedings [under 735 ILCS 5/2-1402]. This means that a party who has secured a judgment against a corporation may not seek to pierce the corporate veil in supplementary proceedings.") *See also Star Ins. Co. v. Risk Mktg. Grp. Inc.,* 561

4

F.3d 656, 660-61 (7th Cir. 2009) ("we have previously held that Illinois courts likely would not 'permit veil-piercing in supplementary proceedings under § 5/2-1402.'") (citations omitted); *Fish v. Hennessy*, No. 12-cv-1856, 2013 WL 5770512, at *1 (N.D. Ill. Oct. 24, 2013) (same).[1]

There is another reason that Southport's request for FNBO's loan policies is beyond the scope of discovery permitted in this proceeding. Southport appears to be trying to use this supplementary post-judgment proceeding -- designed to locate a judgment debtor's assets -- to obtain discovery that it might use in an independent action alleging that FNBO conspired with Goeken Group to hide assets. If that is what Southport really is trying to do, that would be an improper use of the limited discovery available in this proceeding under Federal Rules of Procedure 26(b)(1) and 69(a)(2). Discovery permitted in this case must advance *this case* on the merits. Discovery aimed at allowing Southport to develop an independent claim against FNBO goes beyond the bounds of discovery permitted by Rule 26(b)(1). In particular, that Rule limits discovery to that which is "relevant to any party's claim or defense" in this case. Fed.R.Civ.P. 26(b)(1).

The Court does not mean to say or imply that Southport's potential claim against FNBO would have merit. The only point is that Southport's allegation that FNBO made a sham loan to aid Goeken Group in its alleged efforts to evade creditors, and Southport's argument that it needs FNBO's loan policies to support that allegation, seem to be much

---

[1] At best, post-judgment discovery aimed at or in furtherance of an alter ego theory could be relevant if the underlying action in which the judgment was entered involved alter ego allegations or findings, *Wachovia Sec. LLC v. Neuhauser*, No. 04-cv-3082 2013 WL 3273816, *3 (N.D. Ill. June 27, 2013), but the underlying action in this case did not involve such allegations or findings.

more relevant to an independent, and as yet unfiled, claim against FNBO than to the more narrow purpose for which these post-judgment proceedings are designed as discussed above. Permitting Southport to expand the scope of discovery in this case into whether FNBO violated its own loan policies in making a loan to Goeken Group therefore would not "secure the just, speedy, and inexpensive determination" of this case within the meaning of Rule 1 of the Federal Rules of Civil Procedure. Fed.R.Civ.P. 1. As amended effective December 1, 2015, the Federal Rules of Civil Procedure are to be "construed, administered, and employed by the court <u>and</u> the parties" to these ends. *Id.* (emphasis added). Southport's overbroad discovery requests to FNBO are not in keeping with the letter or spirit of Rule 1 let alone the other Federal Rules and cases cited herein.

Accordingly, for all the foregoing reasons, Southport's Motion [ECF No. 450] is denied.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: December 19, 2016