UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SOUTHPORT BANK, | ) |
|     Plaintiff, | ) Case No. 10-cv-8321 |
| v. | ) Judge John W. Darrah |
| CHARLES V. MILES, *et al.*, | ) |
|     Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Citation Respondent and Claimant First National Bank of Omaha ("FNBO") filed a Motion to Reconsider and Vacate the November 17, 2015 Order on Perfection [453]. For the reasons discussed below, FNBO's Motion [453] is granted.

## BACKGROUND

Southport began this action to recover payment under two "Commercial Guaranty" contracts executed by Randolph and Charles Miles. A jury trial was held, and the Court entered judgment on the jury's verdict in favor of Southport against Randolph and Charles Miles, as follows: on October 25, 2013, a judgment was entered against Randolph in the amount of $7,061,784.84 and against Charles in the amount of $5,429,916.71. On November 27, 2013, Southport issued Citations to Discover Assets to the Miles Defendants and a Citation to Discover Assets to Third Party Goeken Group Corp. ("Goeken").

On March 27, 2014, Southport's Motion for Judgment as a Matter of Law was granted against Goeken. On October 14, 2014, a judgment was entered against Goeken in the amount of $5,498,081.60.

On June 19, 2015, FNBO loaned Goeken $6,960,571.91. The loan was guaranteed by The John D. Goeken Revocable Trust (the "Trust") and by Mona Lisa Goeken. Ms. Goeken and

the Trust collateralized their guaranties, and each assigned a deposit account to FNBO. FNBO filed UCC Financing Statements in June 2015 with the Delaware Department of State and the Illinois Secretary of State.

On November 15, 2015, Southport and Goeken filed an Agreed Motion for Entry of Order Establishing the Date Upon Which Southport Perfected Its Judgment Lien Against Goeken Group Corp. [358] which was granted in a November 17, 2015 Order [362]. The agreed motion requested the "entry of an Order establishing that Southport Bank's lien against the Goeken Group Corp. regarding Southport's outstanding judgments was perfected on November 27, 2013." The FNBO transaction of June 19, 2015, mentioned above, was not disclosed in the November 15, 2015 Agreed Motion.

A Citation to Discover Assets was issued by Southport to FNBO on February 10, 2016. Under an agreed stipulation, entered March 8, 2016, FNBO froze $7,051,111.59 in the deposit-account collateral pledged by Ms. Goeken and the Trust. Southport claims an interest superior to FNBO in these accounts.

**LEGAL STANDARD**

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996). A manifest error "is not demonstrated by the disappointment of the losing party"; it is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal quotation marks omitted).

**ANALYSIS**

FNBO argues that the perfection order was improperly entered on two grounds: (1) that Illinois law does not provide for the perfection order, and (2) that the perfection order violated due process.

At the outset, Southport argues that there is no basis for consideration under the law of the case doctrine: ". . . the law of the case doctrine embodies the notion that a court ought not to re-visit an earlier ruling in a case absent a compelling reason, such as manifest error or a change in the law, that warrants re-examination." *Minch v. City of Chicago*, 486 F.3d 294, 301 (7th Cir. 2007). However, the doctrine is meant to be a presumption; and the strength of that presumption varies with the circumstances. *Avitia v. Metro. Club of Chicago, Inc.*, 49 F.3d 1219, 1227 (7th Cir. 1995). There is reason to overlook that presumption where the court was not fully informed of the circumstances by the parties, who knew that third-party rights would be affected. As mentioned above, the Agreed Motion did not disclose any other judgment creditors or liens against any Goeken assets. The Court, based on what was presented, erroneously concluded that the Agreed Motion was to correct a procedural formality, not to directly alter the substantive rights of third parties.[1]

---

[1] MR. PEARSON: The indulgence that I'm asking of your Honor is while this has all been going on, there are two subsequent judgments that were entered in much smaller amounts by other creditors of the Goeken Group. Those two creditors in state court proceedings are trying to suggest now that the citation proceedings we began, during the window, after we had judgment against Miles defendants before judgment against Goeken, that that citation is inoperative.
COURT: It's stale.
MR. PEARSON: Exactly. Even though Goeken Group agrees, we agree, we have all been operating under that citation as [if] it was a direct citation to Goeken Group. I'd like to submit an order to your Honor by agreement clarifying that, which I think your Honor has broad discretion to enter both under --

3

Southport also argues that the November 17, 2015 Order was a final decision under Federal Rule of Civil Procedure 54 that adjudicated all of the rights and all of the claims of all of the parties and cannot be reviewed. The November 17, 2015 Order was a postjudgment order. For purposes of a final judgment, a postjudgment proceeding is treated as a freestanding lawsuit. *Solis v. Current Dev. Corp.*, 557 F.3d 772, 775 (7th Cir. 2009). The full rights and claims of the parties to any funds or property were not decided by the November 17, 2015 Order. It was not a final order under Federal Rule of Civil Procedure 54.

FNBO argues that Illinois law does not provide for converting a third-party citation into a direct citation and that Illinois law does not provide for retroactively dating a lien to before the judgment was entered, as is the case here. "The powers available to a district court in a post-judgment proceeding are dictated by state law – here, the law of Illinois." *Bank of Am., N.A. v. Veluchamy*, 643 F.3d 185, 188 (7th Cir. 2011) (citing Fed. R. Civ. P. 69; *Star Ins. Co. v. Risk Mktg. Grp. Inc.*, 561 F.3d 656, 661 (7th Cir. 2009)). These powers are broadly construed and give the district court "authority to enter a wide variety of orders to ensure that usable assets are located, seized, and – where appropriate – applied to the judgment." *Id.* Under Illinois law, supplemental proceedings are not available to a creditor "until after judgment capable of enforcement has first been entered in their favor." *Dexia Credit Local v. Rogan*, 629 F.3d 612, 620-21 (7th Cir. 2010) (citing *Marble Emporium, Inc. v. Vuksanovic*, 790 N.E.2d 57, 62 (Ill. App. Ct. 2003)). Further, a judgment becomes a lien when a citation is served:

> (m) The judgment or balance due on the judgment becomes a lien when a citation is served in accordance with subsection (a) of this Section. The lien binds

---

COURT: Well, I'll do whatever the law permits me to do.
(Nov. 4, 2015 Trans., p. 4:1-17.)

> nonexempt personal property, including money, choses in action, and effects of the judgment debtor as follows:
>
>> (1) When the citation is directed against the judgment debtor, upon all personal property belonging to the judgment debtor in the possession or control of the judgment debtor or which may thereafter be acquired or come due to the judgment debtor to the time of the disposition of the citation.
>>
>> (2) When the citation is directed against a third party, upon all personal property belonging to the judgment debtor in the possession or control of the third party or which thereafter may be acquired or come due the judgment debtor and comes into the possession or control of the third party to the time of the disposition of the citation.
>
> The lien established under this Section does not affect the rights of citation respondents in property prior to the service of the citation upon them and does not affect the rights of bona fide purchasers or lenders without notice of the citation. The lien is effective for the period specified by Supreme Court Rule.

735 Ill. Comp. Stat. 5/2-1402(m).

FNBO points to a related ruling in state court for support of their position. In April 2015, Gary Rockis and Toni Rockis (collectively, "Rockis") obtained a judgment against Goeken Group in the Circuit Court of Cook County. At some point, Rockis began supplementary proceedings against Goeken Group in the Circuit Court of DuPage County and moved for a turnover order. Southport filed to intervene and opposed Rockis's motion for a turnover order, asserting priority over Rockis's judgment lean based on the November 17, 2015 Order. On January 6, 2016, Judge Paul Fullerton, of the Circuit Court of DuPage County, granted Rockis's motion for a turnover order, noting that apparently this Court was not made aware of the Rockis's litigation and that there was no basis in Illinois law for the

November 17, 2015 Order. Rockis's judgment against Goeken and FNBO's interest in the collateral came after Southport's judgment against Goeken.[2]

Proceedings under § 1402 may be initiated only after a court enters underlying judgment. *Dowling v. Chicago Options Associates, Inc.*, 847 N.E.2d 741, 746 (Ill. App. Ct. 2006). At the time the citations were served, there was only a judgment entered against Charles and Randolph Miles. Therefore, the citation to Goeken was a third-party citation that solely created a lien against personal property belonging to Charles and Randolph Miles that was in the possession or control of Goeken. There could be no direct citation against Goeken until judgment was entered against Goeken on October 14, 2014. Goeken was, at that time, in receipt of a third-party citation only. The issue then is whether the third-party citation sent to Goeken could function as a direct citation once an enforceable judgment was entered against Goeken.[3] "A judgment lien is purely a statutory creation." *Maniez v. Citibank, F.S.B.*, 890 N.E.2d 662, 665 (Ill. App. Ct. 2008). Third-party citations and direct citations are statutorily created as separate citations. *See Ultsch v. Illinois Mun. Ret. Fund*, 874 N.E.2d 1, 8 (Ill. 2007) (statutory language "must be given its plain and ordinary meaning"); 735 Ill. Comp. Stat. 5/2-1402(m) (differentiating between effect of a citation against the judgment debtor and a citation against a third-party). Further, the contents of a third-party citation to Goeken for the Miles judgments are different from a direct citation against Goeken for its own judgment. A citation is required to "state the date the judgment was entered or revived, and the amount thereof remaining

---

[2] There is no question that FNBO had a perfected security interest in the collateral deposits as of June 2015, when FNBO filed UCC Financing Statements with the Delaware Department of State and the Illinois Secretary of State.

[3] There has been no other citation served on Goeken other than the November 27, 2013, third-party citation.

unsatisfied." Ill. S. Ct. R. 277(c)(2). The third-party citation to Goeken did not recite the date the judgment was entered against Goeken or the amount of the judgment remaining unsatisfied. No judgment lien was created against Goeken for the judgment entered against it.[4]

## CONCLUSION

First National Bank of Omaha's Motion to Reconsider and Vacate the November 17, 2015 Order on Perfection [453] is granted.

Date: February 1, 2017    /s/ *signature*
JOHN W. DARRAH
United States District Court Judge

---

[4] As the motion is granted on the basis of Illinois law, FNBO's due process arguments are not addressed.